Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **OLIVIA LOPEZ,** | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| | ) **1. VIOLATION OF THE** |
| v. | ) **TELEPHONE CONSUMER** |
| | ) **PROTECTION ACT, 47 U.S.C. §227** |
| | ) **ET. SEQ.;** |
| **CAPITAL ONE BANK (U.S.A.), N.A.,** | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

**COMPLAINT**

OLIVIA LOPEZ ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAPITAL ONE BANK (U.S.A.), N.A. ("DEFENDANT"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. <u>See Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of California, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in San Francisco, California.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is a corporation with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

12. Defendant placed repeated harassing telephone calls to Plaintiff on her cellular telephone.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

14. Plaintiff knew that Defendant was using an automatic telephone dialing system and/or pre-recorded voice as Defendant's calls would began with a noticeable delay before calls were transferred to one of Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was calling to collect an account balance.

16. Soon after the calls began, Plaintiff spoke with Defendant's representative and requested that their repeated calls stop.

17. Thereafter, Defendant ignored Plaintiff's revocation and continued to call her cellular telephone.

18. These calls were aggravating and annoying for Plaintiff.

19. Upon information and belief, Defendant's business practices violate the Telephone Consumer Protection Act.

# COUNT I
# DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Defendant's calls to Plaintiff, on and after she revoked consent, were not made with Plaintiff's prior express consent.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, OLIVIA LOPEZ, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, OLIVIA LOPEZ, demands a jury trial in this case.

|   |   |
|---|---|
| | Respectfully submitted, |
| DATED: May 30, 2019 | By: /s/ Amy Lynn Bennecoff Ginsburg |
| | Amy Lynn Bennecoff Ginsburg, Esq. (275805) |
| | Kimmel & Silverman, P.C. |
| | 30 East Butler Pike |
| | Ambler, PA 19002 |
| | Telephone: (215) 540-8888 |
| | Facsimile (215) 540-8817 |
| | Email: aginsburg@creditlaw.com |
| | Attorney for Plaintiff |